WESTERN DIST.
October, 1840.

BROWN'S EXECUTOR *vs.* WILLIAMS ET AL.

BROWN'S EXE-
CUTOR
*vs.*
WILLIAMS ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF OUACHITA.

Parole evidence will not be received to show that an executor *continued to act as such*, after the expiration of the year for which he was appointed.

The 7th section of the act approved March 13, 1837, *continuing the executorship*, only applies to such executors as were in the legal exercise of their functions at the time of its promulgation, or those *appointed afterwards.*

This case was formerly before this court, and remanded to inquire into the fact of the existence of the executorship, at the time of his appearance as such in this case. See 12 *Louisiana Reports,* 613.

The judge of probates decided, after hearing the evidence, that Isaac T. Preston was not executor of James Brown, deceased, at the time of filing his petition of appeal, his term having expired.

The executor again appealed.

*Downes,* for the appellant, submitted the case.

*M'Guire,* contra.

*Garland, J.,* delivered the opinion of the court.

Isaiah Garret filed his petition in the probate court, alleging that he had become the purchaser, at a probate sale made on the 20th July, 1836, of two tracts of land, composing a portion of the vacant estate of James Brown, deceased, and asked for a monition in compliance with the provisions of the act of the legislature, approved March 10th, 1834. On the 23d October, 1836, a judgment of homologation was rendered, no opposition having been previously filed. On the 23d August, 1837, Isaac T. "Preston alleging himself to be the executor of James Brown, deceased, whose succession it is said was opened in the parish of Orleans, presented his

petition, asking an appeal from the aforesaid judgment. In this court it was denied that Preston was executor, and the case was remanded to ascertain that fact. It appears that on the 11th July, 1835, Preston was appointed executor, in New-Orleans, and as the law then existed, his functions continued for one year only, *Louisiana Code, article* 1666. He did not apply to be continued in his functions, and took this appeal more than thirteen months after they had ceased. It is contended in this court, that Preston continued to act as executor, but of that we have no legal evidence, and think the probate judge did not err in rejecting parole proof to show he did. He was authorized by law to continue the prosecution or defence of any suits commenced during the year of his executorship, *Louisiana Code, article* 1669 ; but that authority does not extend to new cases. The petition in this case, was filed, July 23, 1836, more than one year after the date of the letter testamentary. Had Preston been a party to this proceeding, previous to the expiration of the year, there is no doubt he could have taken this appeal.

But it is alleged, that the 7th section of an act of the legislature, in relation to voluntary surrenders and the settlement of successions, approved March 13, 1837, continued the executorship. We are of opinion that law applies only to such executors, administrators or syndics, as were in the legal exercise of their functions, at the time of the promulgation of the act, or appointed afterwards. The act does not revive any defunct representatives of successions. It has been urged that if this appeal is not maintained, the estate of Brown is without remedy, and the spectacle is presented of a succession administered in one parish by a curator, and in another by a testamentary executor. It is not established that an appeal is the sole remedy, and what it is, will be time enough for us to decide when the case shall be presented. As the case now stands, we are satisfied Preston had no right to take an appeal at the time he did, and, therefore, dismiss it with costs.

Parole evidence will not be received to show that an executor *continued to act as such,* after the expiration of the year for which he was appointed.

